UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRY DAVIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:20-cv-02763-TWP-MG |
| ) | |
| DENNIS REAGLE, ) | |
| ) | |
| Respondent. ) | |

**ENTRY GRANTING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

This matter is before the Court on a Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody Seeking Review of Prison Disciplinary Sanction, filed by Petitioner Terry Davis ("Davis"), wherein he challenges disciplinary case ISR 19-08-0058 (Dkt. 2). In August 2019, Davis was punished through the Indiana Department of Correction's Disciplinary Code for possessing heroin. The record shows that Davis possessed and attempted to dispose of a suspicious substance, and it shows that some substance was chemically tested and identified as heroin. But because no evidence verifies that the substance tested was the substance that Davis possessed, his Petition for Writ of Habeas Corpus is **granted**.

### I. OVERVIEW

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the

disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. THE DISCIPLINARY PROCEEDING

On August 4, 2019, Davis was an inmate at the Pendleton Correctional Facility. Officer Layton searched Davis as he returned from a visit. (Dkt. 9-1.) Three bags fell out of Davis' pants leg. *Id*. Officer Layton thought the bags appeared to contain marijuana, and he instructed Davis to submit to handcuffs. *Id.* According to Officer Layton, Davis offered him a bribe to avoid being punished. *Id*. When Officer Layton refused, Davis ran and flushed "something down the toilet" and "threw something else in the trash can." *Id*. He also allegedly punched Officer Layton. *Id.*

Following this incident, Davis was charged with possessing a controlled substance. (Dkt. 9-4.) In addition to Officer Layton's Report of Conduct, the evidence included a plastic bag containing a ball of something, and a chemical test kit. (Dkt. 9-2.) An evidence record describes the ball as tobacco wrapped around a blue bag. *Id.* at 2. The test kit indicates a positive test for heroin. *Id.* at 4. No evidence—not an evidence log, not an affidavit—confirms that the ball in the plastic bag was one of the bags that fell out of Davis' pants leg or that this is what he threw in the trash can. Likewise, no evidence shows that the substance identified as heroin was the substance in the plastic bag. The record simply includes black-and-white pictures of a plastic bag with a ball in it next to Davis' identification badge, of an evidence record, and of the test kit, all with Davis' disciplinary case number handwritten on them after the fact in blue ink.

Davis was found guilty at a hearing. (Dkt. 9-7.) The hearing officer wrote that the conduct report was clear, that video showed Davis discarding a substance, and that the substance "tested

2

positive for heroin." *Id.* The hearing officer assessed sanctions, including a deprivation of earned credit time and a demotion in credit-earning class. *Id.*

Davis raised a variety of challenges in his administrative appeals. (Dkt. 9-11.) Among them, Davis raised concerns about the manner in which the substance was tested. *Id.* He specifically referenced provisions of the Disciplinary Code concerning the handling and examination of evidence. *Id.* His administrative appeals were denied. *Id.*; Dkt. 9-12.

### III. ANALYSIS

Davis asserts several challenges to his disciplinary conviction, including that it was "based on unreliable evidence." (Dkt. 2 at 3.) Due process requires that a disciplinary action against a prisoner be supported by "some evidence in the record." *Hill*, 472 U.S. at 454. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added); *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

Yet, "[a]dministrative decisions resting on chemical analysis typically require both the test results and a chain of custody linking those results to the particular prisoner." *Ellison*, 820 F.3d at 275 (citing *Webb v. Anderson*, 224 F.3d 649, 652–53(7th Cir. 2000)). The chain of custody need not be perfect. "Absent some affirmative indication that a mistake may have been made," chain of custody documentation will satisfy the meager "some evidence" standard. *Webb*, 224 F.3d at 652–653. When there is no documentation at all, however, the standard is not met. *See Ellison*, 820 F.3d at 275 ("We note, however, that the record contains nothing more than an e-mail to the

3

hearing officer stating that the substance 'did test positive' with no information about who performed the test, the type of test which was used, or the chain of custody.  Perhaps chemical testing would've been superfluous had Officer Bynum testified that, based on his training and experience, he recognized the substance as heroin, . . . but given that he didn't testify, Ellison was essentially required to accept the hearing officer's word that the substance was actually tested.")

The record suggests that Davis broke several prison rules.  However, no evidence indicates that he possessed heroin or another controlled substance.  None of the reports in the record document that the plastic bag in the photograph was ever in Davis' possession.  And if it was, none of the reports in the record document that the substance in the photograph was the substance identified as heroin.  Accordingly, the disciplinary conviction must be vacated.

As a final matter, the Respondent argues that Davis failed to raise the reliability of the evidence in his administrative appeals and should be barred from raising it here.  But Davis plainly raised concerns about the handling and testing of the evidence in his administrative review, and that was enough to notify the prison administration of the issue and avoid default.  *See Moffat*, 288 F.3d at 982 ("If Moffat had expressed disgruntlement about the generic reason, that would have been sufficient whether or not he cited *Wolff*, for any complaint would have alerted the warden and the Final Reviewing Authority and allowed them to fix the problem.").

## IV.  CONCLUSION

For the reasons stated above, Terry Davis' Petition for Writ of Habeas Corpus by a Person in State Custody Seeking Review of Prison Disciplinary Sanction challenging disciplinary case ISR 19-08-0058, Dkt. [2], is **GRANTED**.  Davis' disciplinary conviction is **VACATED**, and his sanctions **RESCINDED**.  His credit time and class must be **immediately restored**, and his new release date must be calculated accordingly.  The **Clerk is directed** to enter final judgment.

4

**SO ORDERED.**

Date: 12/1/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Terry Davis, #966898
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

David A. Arthur
INDIANA ATTORNEY GENERAL'S OFFICE
David.Arthur@atg.in.gov

5